# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARK THOMPSON,

    Plaintiff,

vs.

JO ANNE B. BARNHART, Commissioner of the Social Security Administration,

    Defendants.

Case No. 2:05-CV-01543-RLH (GWF)

**FINDINGS AND RECOMMENDATIONS**

    This matter is before the Court on Plaintiff's Notice of Motion and Motion for Reversal and/or Remand (#13), filed May 12, 2006; Defendant's Motion to Affirm and in Opposition to Plaintiff's Motion for Reversal and /or Remand (#17), filed August 14, 2006; and Plaintiff's Reply Memorandum in Support of His Motion for Reversal and/or Remand and in Opposition to Defendant's Motion to Affirm (#19), filed September 1, 2006.

## BACKGROUND

    On October 8, 1997, Plaintiff filed applications for disability insurance benefits and supplemental security income benefits. (Tr. 128-130, 384-386). These applications were denied both on initial review and on reconsideration. (Tr. 110-113, 117-121). A hearing was held before an Administrative Law Judge (ALJ) on January 13, 1999 and March 25, 1999. (Tr. 15-22). The ALJ decision denied Plaintiff's application on May 28, 1999. The Appeals Council denied review of the ALJ decision on August 21, 2001. (Tr. 3-5). Plaintiff then brought an action in this court which was remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Tr. 554-556, 557-558). A new

1   ALJ hearing was held on January 5, 2004. (Tr. 714-745). The ALJ issued a decision that was

2   partially favorable to Plaintiff, finding him to have been disabled within the meaning of the Act

3   between September 1, 1997 and ending March 22, 1999. (Tr. 527-540, 539-540). The Appeals

4   Council denied Plaintiff's request for review of the 2004 decision and the instant action was

5   commenced. (Tr. 391-394).

6                                        **DISCUSSION**

7           A federal court's review of an ALJ's decision is limited to determining only (1) whether the

8   ALJ's findings were supported by substantial evidence and (2) whether the ALJ applied the proper

9   legal standards. *Delorme v. Sullivan,* 924 F.2d 841, 846 (9th Cir. 1991). The Court must look to the

10  record as a whole and consider adverse and supporting evidence. *Penny v. Sullivan*, 2 F.3d 953, 956

11  (9th Cir. 1993). "Substantial evidence is defined as 'more than a scintilla but less than a

12  preponderance.'" *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (*quoting Matney v. Sullivan*,

13  981 F.2d 1016, 1018 (9th Cir. 1992)). Hence, where the evidence may be open to more than one

14  rational interpretation, the court is required to uphold the decision. *Moore v. Apfel*, 216 F.3d 864,

15  871 (9th Cir. 2000) (*quoting Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984)).

16          "Claims of disability are evaluated under a five-step sequential evaluation procedure. *See* 20

17  C.F.R. § 404.1520(a)-(f)." *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001). The claimant

18  carries the burden with respect to steps one through four. *Tackett*, 180 F.3d at 1098. If a claimant is

19  found to be disabled, or not disabled, at any point during the process, then no further assessment is

20  necessary. 20 C.F.R. § 404.1520(a). Under the first step, the Secretary determines whether a

21  claimant is currently engaged in substantial gainful activity. *Id.* § 416.920(b). If so, the claimant is

22  not considered disabled. *Id.* § 404.1520(b). Second, the Secretary determines whether the

23  claimant's impairment is severe. *Id.* § 416.920(c). Again, if the impairment is not severe, the

24  claimant is not considered disabled. *Id.* § 404.152(c). Third, the claimant's impairment is

25  compared to the "List of Impairments" found at 20 C.F.R. § 404, Subpt. P, App. 1. The claimant

26  will be found disabled if the claimant's impairment meets or equals a listed impairment. *Id.* §

27  404.1520(d). If a listed impairment is not met or equaled, the fourth inquiry is whether the claimant

28  can perform past relevant work. *Id.* § 416.920(e). If the claimant can engage in past relevant work,

1   then no disability exists.  *Id*. § 404.1520(e).  If the claimant cannot perform past relevant work, the

2   Secretary has the burden to prove the fifth and final step by demonstrating that the claimant is able

3   to perform other kinds of work.  *Id*. § 404.1520(f).  If the Secretary cannot meet his or her burden,

4   the claimant is entitled to disability benefits.  *Id*. § 404.1520(a).

5          This matter was reviewed on remand by ALJ Buls to determine if the Plaintiff was capable

6   of past relevant work.  Specifically, ALJ Buls was instructed to "give further consideration to

7   Plaintiff's maximum residual functional capacity and provide an appropriate rationale with specific

8   references to the evidence of record."  (Tr. 555).  Plaintiff contends that despite this instruction, the

9   ALJ's decision was incorrect as a matter of law.

10          In determining whether Plaintiff could perform his past work or other kinds of work, ALJ

11  Buls relied on the medical records and the  February 9, 1998 report of examining physician Dr.

12  Siciarz regarding Plaintiff's medical condition between September 1997 and March 21, 1999 in

13  finding that Plaintiff was under a disability as defined in the Social Security Act during that time

14  period.   Plaintiff stated during his prior March 25, 1999 hearing that he was seeking a closed period

15  of disability from September 1997 to March 1999 and that he intended on going back to work.  (71-

16  72, 99).   At the January 5, 2004 hearing, however, Plaintiff's counsel withdrew that request and

17  stated that because of Plaintiff's ongoing medical problems, Plaintiff was seeking a determination of

18  continuing disability after March 22, 1999.

19          The ALJ found, however, that Plaintiff began to experience medical improvement in March

20  1999.  The ALJ determined that as of March 22, 1999 the Plaintiff retained the ability to lift and

21  carry 50 pounds and was able to stand for two hours and sit for six hours in an 8-hour workday.

22  This determination was drawn from Dr. Siciarz's evaluation and Plaintiff's testimony.  (Tr. 70-71,

23  270-274, 537).   The ALJ's determination was based on the lessened frequency and intensity of

24  medical treatment after March 1999, the fact that Plaintiff went for long periods of time without

25  medical treatment and Plaintiff's testimony at the March 1999 and January 5, 2004 hearings

26  regarding his medical condition, his activities of daily living and his functional capacity.   The ALJ

27  left the record open for a period of 30 days after the hearing for Plaintiff to submit additional

28  medical records in support of his claim, including records regarding his testimony that he suffers

1    from seizures.  Plaintiff, however, did not submit additional records.  Taking the medical evidence

2    presented to him, and the opinion of treating physician Dr. Siciarz, the ALJ determined that Plaintiff

3    was capable of light duty exertional jobs that permitted him to sit or stand as needed.

4            At the January 5, 2004 hearing, Vocational Expert McAlpine testified that Plaintiff's past

5    relevant work as a welder and carpenter were too heavy for Plaintiff to perform.  Accordingly, the

6    burden shifted to the Government to establish whether Plaintiff was capable of performing other

7    types of work.  The ALJ questioned the Vocational Expert as to what specific types of employment

8    Plaintiff could perform given his physical and functional limitations.  The Vocational Expert

9    testified that Plaintiff could perform work as a security guard, ticket taker, or parking lot attendant.

10   (Tr. 740-741).  She also testified that certain mental skills that Plaintiff developed through his

11   previous occupation, such as organizational skills, were transferable to these types of occupations.

12   The Vocational Expert testified that the number of such available jobs in the national economy and

13   the State of Arizona where Plaintiff now resided, was reduced by the necessity that Plaintiff be able

14   to stand and stretch every 30 minutes.   She testified, however, that there were significant numbers

15   of jobs as a security guard, ticket taker, or parking lot attendant that Plaintiff could perform within

16   his particular limitations.

17          The Plaintiff argues that the ALJ's decision was not supported by substantial evidence based

18   on the record as a whole and that the ALJ substituted his lay opinion for that of the medical records

19   which support a finding that Plaintiff continues to be disabled from performing any other work.

20   Plaintiff argues that the decision of the ALJ should be reversed and the Court should direct that

21   Plaintiff be awarded disability benefits based on a finding that he is disabled, or alternatively, that

22   this matter should be remanded to require that a medical evaluation be obtained to assess Plaintiff's

23   condition.

24          The Court finds, however, that the ALJ's decision was supported by substantial evidence,

25   including the February 1998 report of Dr. Siciarz, the lessened frequency and intensity of medical

26   treatment after March 22, 1999, and Plaintiff's testimony at the hearing regarding his physical

27   capacity, activities of daily living, and the testimony of the Vocational Expert regarding the types of

28   available work Plaintiff can perform within his physical and functional limitations.

1

**CONCLUSION**

2      The ALJ's findings were supported by substantial evidence and the proper legal standards

3 were applied.  Plaintiff did not present significant medical evidence that he was incapable of light

4 duty work or that his disability continued after March 22, 1999.

5      **IT IS HEREBY RECOMMENDED** that Plaintiff's Notice of Motion and Motion for

6 Reversal and/or Remand (#13) be **DENIED** and that benefits be awarded to Plaintiff in conjunction

7 with the ALJ decision dated March 22, 2004.

8

**NOTICE**

9      Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be

10 in writing and filed with the Clerk of the Court within ten (10) days.  The Supreme Court has held

11 that the courts of appeal may determine that an appeal has been waived due to the failure to file

12 objections within the specified time.  *Thomas v. Arn*, 474 U.S 140, 142 (1985).  This circuit has also

13 held that (1) failure to file objections within the specified time and (2) failure to properly address

14 and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal

15 factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir.

16 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

17      DATED this 4th day of January, 2007.

18

19      _____

20      **GEORGE FOLEY, JR.**
        **UNITED STATES MAGISTRATE JUDGE**

21

22

23

24

25

26

27

28

-5-
